1   PARKER SCHEER LAGOMARSINO
    ANDRE M. LAGOMARSINO, ESQ.
2   Nevada State Bar No. 6711
3   610 South Seventh Street
    Las Vegas, Nevada 89101
4   Phone: (702) 383-2864
    Fax: (702) 383-0065
5   andre@parkerscheer.com
    *Attorney for Plaintiff*
6
                    **UNITED STATES DISTRICT COURT**
7
                        **DISTRICT OF NEVADA**
8

9   LESLIE CULLER,

10                  Plaintiff,

11  vs.                                          **CASE NO.**

12
    N-M VENTURES LLC, a domestic limited-
13  liability corporation; N-M VENTURES II        **COMPLAINT AND**
    LLC, a domestic limited-liability corporation;   **JURY DEMAND**
14  NINE GROUP LLC, a foreign limited-liability
    corporation; NINE GROUP II LLC, a foreign
15  limited-liability corporation; NINE GROUP
    MANAGEMENT, INC., a domestic
16  corporation; NINE GROUP MANAGEMENT
    II, INC., a domestic corporation; SCOTT
17  DEGRAFF, individually; MICHAEL
    MORTON, individually; and BRONSON
18  OLIMPIERI, individually.
19                  Defendants.

20

21      COMES NOW, Plaintiff, LESLIE CULLER (hereinafter "Plaintiff"), by and through her

22  attorney, ANDRE M. LAGOMARSINO, ESQ. of Parker Scheer Lagomarsino, and hereby submits

23  her Complaint against the Defendants as follows:

24  . . .

25  . . .

26  . . .

27  . . .

28

*Sidebar (left margin):* PARKER SCHEER LAGOMARSINO · 610 South Seventh Street · Las Vegas, Nevada 89101 · Telephone (702) 383-2864 · Facsimile (702) 383-0065

**JURISDICTION**

1.      This action is brought to remedy sexual Harassment and discrimination all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. (Title VII) and the corresponding Nevada Revised Statutes (N.R.S.) § 613.330 *et. seq.*

2.      Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e et. seq. and N.R.S. § 613.330 *et. seq.*

3.      Venue herein is properly in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3), and under N.R.S. § 613.330 *et. seq.*  This Court has supplemental jurisdiction over the claims in this action arising under the laws of the State of Nevada pursuant to 28 U.S.C. § 1367 and the principles of pendent jurisdiction.

**PARTIES**

4.      Plaintiff is a female citizen of the United States, and at all relevant times was a resident of the State of Nevada.

5.      Defendant N-M VENTURES LLC is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended.  Defendant N-M VENTURES LLC is a domestic limited-liability corporation, organized and existing under the laws of the State of Nevada, and doing business in the State of Nevada.  Upon information and belief, Defendant N-M VENTURES LLC and Defendants NINE GROUP MANAGEMENT II, INC., NINE GROUP MANAGEMENT, INC., NINE GROUP II LLC, NINE GROUP LLC, N-M VENTURES II LLC, MICHAEL MORTON and SCOTT DEGRAFF are all one and the same to a sufficient degree to allow the corporate fiction to be set aside.

6.      Defendant, N-M VENTURES II LLC, is a domestic limited-liability corporation, organized and existing under the laws of the State of Nevada, and doing business in the State of Nevada.  Upon information and belief, Defendant N-M VENTURES II LLC and Defendants' NINE GROUP MANAGEMENT II, INC., NINE GROUP MANAGEMENT, INC., NINE GROUP II

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864   Facsimile (702) 383-0065

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864    Facsimile (702) 383-0065

1  LLC, NINE GROUP LLC, N-M VENTURES LLC, MICHAEL MORTON and SCOTT DEGRAFF

2  are all one and the same to a sufficient degree to allow the corporate fiction to be set aside.

3      7.      Defendant, NINE GROUP LLC, is a foreign limited-liability corporation, organized

4  and existing under the laws of the State of Delaware, and doing business in the State of Nevada.

5  Upon information and belief, Defendant NINE GROUP LLC and Defendants' NINE GROUP

6  MANAGEMENT II, INC., NINE GROUP MANAGEMENT, INC., NINE GROUP II LLC, N-M

7  VENTURES II LLC, N-M VENTURES LLC, MICHAEL MORTON and SCOTT DEGRAFF are

8  all one and the same to a sufficient degree to allow the corporate fiction to be set aside

9      8.      Defendant, NINE GROUP II LLC, is a foreign limited-liability corporation,

10 organized and existing under the laws of the State of Delaware, and doing business in the State of

11 Nevada.  Upon information and belief, Defendant NINE GROUP II LLC and Defendants' NINE

12 GROUP MANAGEMENT II, INC., NINE GROUP MANAGEMENT, INC., NINE GROUP LLC,

13 N-M VENTURES II LLC, N-M VENTURES LLC, MICHAEL MORTON and SCOTT DEGRAFF

14 are one and the same to a sufficient degree to allow the corporate fiction to be set aside.

15     9.      Defendant, NINE GROUP MANAGEMENT, INC. is a domestic corporation,

16 organized and existing under the laws of the State of Nevada, and doing business in the State of

17 Nevada.  Upon information and belief, Defendant NINE GROUP MANAGEMENT, INC. and

18 Defendants' NINE GROUP MANAGEMENT II, INC., NINE GROUP II LLC, NINE GROUP

19 LLC, N-M VENTURES II LLC, N-M VENTURES LLC, MICHAEL MORTON and SCOTT

20 DEGRAFF are one and the same to a sufficient degree to allow the corporate fiction to be set aside.

21     10.     Defendant, NINE GROUP MANAGEMENT II, INC. is a domestic corporation,

22 organized and existing under the laws of the State of Nevada, and doing business in the State of

23 Nevada.  Upon information and belief, Defendant NINE GROUP MANAGEMENT II, INC. and

24 Defendants' NINE GROUP MANAGEMENT, INC., NINE GROUP II LLC, NINE GROUP LLC,

1  N-M VENTURES II LLC, N-M VENTURES LLC, MICHAEL MORTON and SCOTT DEGRAFF

2  are one and the same to a sufficient degree to allow the corporate fiction to be set aside.

3  11. Defendants NINE GROUP MANAGEMENT II, INC., NINE GROUP

4  MANAGEMENT, INC., NINE GROUP II LLC, NINE GROUP LLC, N-M VENTURES II LLC,

5  and N-M VENTURES LLC are hereinafter collectively referred to as the "**NINE GROUP**

6

7  **ENTITIES.**"

8  12. Defendant SCOTT DEGRAFF (hereinafter referred to as "DEGRAFF") was, at all

9  relevant times, the manager, member, shareholder, and/or owner of one or more of the NINE

10  GROUP ENTITIES, including N-M VENTURES LLC. Upon information and belief, Defendant

11  DEGRAFF and the NINE GROUP ENTITIES are one and the same to a sufficient degree to allow

12  the corporate fiction to be set aside. At all relevant times, DEGRAFF also acted within the course

13  and scope of his employment as an executive with one or more of the NINE GROUP ENTITIES,

14  including N-VENTURES LLC.

15

16  13. Defendant MICHAEL MORTON (hereinafter referred to as "MORTON") was, at all

17  relevant times, the manager, member, shareholder, and/or owner of one or more of the NINE

18  GROUP ENTITIES, including N-M VENTURES LLC. Upon information and belief, Defendant

19  MORTON and the NINE GROUP ENTITIES are one and the same to a sufficient degree to allow

20  the corporate fiction to be set aside. At all relevant times, MORTON also acted within the course

21  and scope of his employment as an executive with one or more of the NINE GROUP ENTITIES,

22

23  including N-VENTURES LLC.

24  14. Defendants NINE GROUP ENTITIES and Defendants DE GRAFF and MORTON

25  are one and the same to a sufficient degree to allow the corporate fiction to be set aside. Upon

26  information and belief, the following factors weigh in favor of setting aside the corporate fiction:

27  (1) undercapitalization; (2) commingling of funds; (3) unauthorized diversion of funds; (4) failure to

28  observe corporate formalities; (5) treatment of corporate assets as personal assets (and the reverse

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864    Facsimile (702) 383-0065

1   where applicable); and (6) facts related to the above-referenced description of facts. Upon

2   information and belief, DE GRAFF and MORTON are controlling parties and the alter-egos of

3   Defendant NINE GROUP ENTITIES allowing the corporate fiction to be set aside because: (1) the

4   corporation is influenced and governed by the person(s) asserted to be the alter ego; (2) there is such

5   unity of interest and ownership that one is inseparable from another; and (3) the facts are such that

6   adherence to the corporate fiction of a separate entity would, under the circumstances sanction a

7   fraud or promote injustice.

8   15.   Defendant BRONSON OLIMPIERI (hereinafter "OLIMPIERI") was, at all relevant

9   times, the Vice-President of Brand Marketing and Plaintiff's immediate supervisor at Defendant N-

10   M VENTURES LLC.   OLIMPIERI was also employed by one or more of the NINE GROUP

11   ENTITIES and, at all times mentioned herein, acted within the course and scope of his employment.

### PROCEDURAL REQUIREMENTS

16.   Plaintiff filed a Questionnaire with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") on August 17, 2010, a copy of which is attached as Exhibit 1.

17.   Plaintiff subsequently signed her Charge of Discrimination and Sexual Harassment on August 19, 2010, complaining of the acts related to sexual harassment and retaliation alleged herein, a copy of which is attached as Exhibit 2.

18.   The EEOC issued Plaintiff a Notice of Right to Sue on November 19, 2010, a copy of which is attached as Exhibit 3.

19.   Plaintiff has complied fully with all prerequisites for jurisdiction in this Court under Title VII.   Jurisdiction of the Court is proper under § 706 (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), N.R.S. § 613.330 et. seq. and under 28 U.S.C. § 1367.

1

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

2       20.    On or about February 26, 2003 Plaintiff was hired as a marketing/graphic designer for

3 N-M VENTURES LLC. Despite being documented as working for N-M VENTURES LLC,

4 Plaintiff was instructed to do projects for other NINE GROUP ENTITIES, as well as for MORTON

5 and his wife, Jenna.

6       21.    Plaintiff was employed by N-M VENTURES LLC for approximately eight (8) years.

7 Throughout her employment, Plaintiff was loyal, competent and made substantial contributions to

8 N-M VENTURES LLC. Throughout her employment, Plaintiff received positive employment

9 reviews and bonuses for her performance.

10      22.    On or about July 14, 2010, Plaintiff was terminated by Andrew Belmonti, Director of

11 Operations. Only Belmonti and the Plaintiff were present when Plaintiff was terminated, even

12 though it was customary to have a human resources present at other terminations of N-M Ventures

13 LLC employees. Plaintiff was completely shocked and surprised that she was terminated because

14 she had done nothing to deserve termination.

15      23.    From the onset of employment until termination, Plaintiff was subjected to well over

16 two-hundred (200) instances of sexual harassment and discrimination by MORTON, DEGRAFF,

17 OLIMPIERI AND FULLER, and staff of one or more of the NINE GROUP ENTITIES, including

18 N-M VENTURES LLC. By way of example, Plaintiff was the victim uninvited and unwelcomed

19 offensive sexual comments and remarks, touching, spanking, molestation, groping, and otherwise

20 disparate treatment.

21      24.    On one occasion within a company property or venue, Defendant DEGRAFF told

22 Plaintiff that she should play tennis with him. DEGRAFF further instructed the Plaintiff to wear a

23 skirt, but not to wear any panties or other undergarments. Plaintiff denied DEGRAFF in full.

24      25.    On another occasion while at Ghost Bar, DEGRAFF, without permission, touched

Plaintiff's breasts. Plaintiff refused to be touched by DEGRAFF and left his presence.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864  Facsimile (702) 383-0065

26.     On the same occasion while at Ghost Bar, DEGRAFF told Plaintiff that he wanted to snort cocaine off of Plaintiff's breasts.  Plaintiff refused DEGRAFF's unwanted advance.

27.     On another occasion, while attending a company-sponsored holiday party, MORTON grabbed Plaintiff, bent Plaintiff over a sofa, and spanked Plaintiff on the buttocks in front of others attending the party, including employees and Plaintiff's significant other (at the time).  The force of MORTON'S spanking was so significant that Plaintiff was left with welts on her buttocks. Consistent with her reaction on other occasions, Plaintiff was humiliated by MORTON in front of her superiors and subordinates.

28.     On another occasion while at a company director's dinner, MORTON attempted, without permission, to grab Plaintiff and pull Plaintiff away from a colleague (with whom Plaintiff attended dinner with that evening).  Morton, again without plaintiff's consent, eventually grabbed Plaintiff and told Plaintiff that he wanted to "know what it would feel like to fuck" her.  Plaintiff refused Morton's advance.

29.     On another occasion while at work, DEGRAFF and MORTON made sexually offensive comments and remarks to Plaintiff before locking the air-conditioning controls in an attempt to make Plaintiff's nipples hard due to the cold temperature.  DEGRAFF and/or MORTON threatened to write any employee up that gave her the key to the air conditioning controls.

30.     On another occasion while at a work-related birthday party at the Palms Casino, MORTON grabbed Plaintiff and tried to kiss her again, all without plaintiff's consent.  Plaintiff, once again, resisted MORTON'S perverse and unwelcome advances.  MORTON also told Plaintiff not to spend time with a person with whom she had been hanging out.  Once again, MORTON told Plaintiff that he wanted to know what it would feel like to "fuck" her.

31.     On another occasion after a work-related event, MORTON, accompanied by a male friend, and Plaintiff, accompanied by a female co-worker, were walking within the Palms Hotel and Casino.  MORTON'S friend approached Plaintiff, grabbed her wrists, and placed them behind her

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864   Facsimile (702) 383-0065

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864   Facsimile (702) 383-0065

back.  MORTON then brutishly grabbed the defenseless Plaintiff's breasts, while she was kicking and trying to get away.  Plaintiff, after being released, became very upset and went into the parking lot with her friend and wept about what MORTON had done to her.  Upon information and belief, the female co-worker that was present reported the incident to Andrew Belmonti.  Belmonti did nothing to properly address the situation with MORTON or the Plaintiff.

32.     On another occasion when the air-conditioning stopped working in the office, DEGRAFF and MORTON told all the employees they could go home for the day.  MORTON grabbed and pushed Plaintiff into DEGRAFF'S office and told Plaintiff to stay so they could "finally have their way" with Plaintiff.

33.     On another occasion while at N9NE Steak House, another company owned venue, MORTON forced Plaintiff, without her permission or consent, to sit on his lap.

34.     On a regular basis, OLIMPIERI offered Plaintiff money (alone and in front of other employees) to pull her pants down, bend over, and/or spread her butt cheeks for a time period of thirty (30) seconds.

35.     OLIMPIERI would pool money together from other office employees to have Plaintiff pull her pants down, bend over, and/or spread her butt cheeks.  Some of the office staff, including Plaintiff's superiors, would contribute money in an attempt to convince Plaintiff to expose herself.  Plaintiff refused to participate in such degrading activities.

36.     MORTON would regularly force excessively long hugs onto the Plaintiff, caress and squeeze her stomach, and tell Plaintiff how "good" she felt.

37.     Almost regularly, DEGRAFF and MORTON, individually or together, would inappropriately comment on Plaintiff's physique, touch Plaintiff's stomach, and grab Plaintiff's body parts without her permission.

38.     On another occasion, MORTON grabbed Plaintiff's buttocks and told Plaintiff that he wanted to know what it would feel like to "fuck" her.

39.     While at a job review, MICHAEL FULLER, Plaintiff's supervisor, told Plaintiff that for appearance, on a scale of 1-10 she is a 9, but if she didn't wear a bra underneath her shirt, then she would be a 10. FULLER would frequently get intoxicated and threaten to give the Plaintiff a "write up". On another occasion, FULLER threw a large amount of water on Plaintiff's white shirt so that he could see her breasts through the shirt. At all times mentioned and in doing the acts alleged in this complaint, FULLER was employed by one or more of the Defendant NINE GROUP ENTITIES, including N-M VENTURES LLC, and was acting within the course and scope of that employment.

40.     On several occasions, toward the end of her employment, Plaintiff's supervisors complained that Plaintiff dressed too conservatively and that she was not wearing clothes that were sufficiently revealing for their tastes. Plaintiff's supervisors also testified that Plaintiff "wasn't fun" because she did not participate in the debaucherous activities that permeated the work environment. Plaintiff was told she was more fun when she was single.

In the last year of Plaintiff's employment, she took out disability insurance because she was trying to get pregnant. It was known by numerous people at N-M Ventures that Plaintiff was trying to get pregnant, particularly because she sought the insurance through her employer's insurance plan.

41.     Prior to the filing of this suit, at least one of Plaintiff's supervisors has testified under oath in a separate proceeding that Plaintiff was subject to a hostile work environment during her employment with N-M Ventures LLC.

42.     Upon information and belief, Plaintiff was really terminated for the following reasons: (1) Plaintiff was dressing more conservatively; (2) Plaintiff "was not fun" in Defendants' eyes; and (3) Plaintiff was trying to get pregnant. All of the reasons for termination were directly linked to Plaintiff's gender.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864 • Facsimile (702) 383-0065

43. Plaintiff never encouraged, welcomed, or consented to the sexual harassment or lewd and physical acts described herein.

44. Plaintiff was uncomfortable working at N-M VENTURES and became emotionally and physically upset over the comments and sexually-related actions taken by MORTON, DEGRAFF, OLIMPIERI, and Plaintiff's supervisor MICHAEL FULLER.

45. Plaintiff was fearful about losing her job because previous employees that had challenged the actions of MORTON, DEGRAFF and other executives were terminated without cause. Conversely, employees that engaged with sexual activities with MORTON were rewarded with favorable treatment. Upon information and belief, MORTON, during Plaintiff's employment, engaged in an intimate relationship with a hostess, who was subordinate to MORTON in terms of employment position. Shortly thereafter, the employee was promoted to cocktail waitress. When the employee's supervisor tried to change the employee's schedule, the employee refused the change and instructed the supervisor to contact MORTON directly about the issue.

46. Plaintiff was, and still is, severely emotionally upset and haunted because the sexual harassment and extreme and outrageous tortious acts of MORTON, DEGRAFF, OLIMPIERI AND FULLER, and is still haunted by the reprehensible misconduct that Plaintiff was forced to experience.

47. At all times mentioned and in doing the acts alleged in this complaint, Defendants DEGRAFF and MORTON, were managers, members, shareholders, and/or owners of one of more of the NINE GROUP ENTITIES, including N-M VENTURES LLC. DEGRAFF and MORTON were also acting within the course and scope of their employment as executives with one or more of the NINE GROUP ENTITIES.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864    Facsimile (702) 383-0065

48.     At all times mentioned and in doing the acts alleged in this complaint, Defendant OLIMPIERI was employed by one or more of the NINE GROUP ENTITIES, including N-M VENTURES LLLC, and was Plaintiff's superior and/or supervisor, and was acting within the course and scope of his employment.

49.     At all times mentioned and in doing the acts alleged in this complaint, MICHAEL FULLER was employed by one or more of the Defendant NINE GROUP ENTITIES, including N-M VENTURES, LLC.  FULLER was Plaintiff's superior and/or supervisor, and was acting within the course and scope of that employment.

50.     At all times mentioned, and in doing the acts alleged in this complaint, ANDREW BELMONTI was Plaintiff's superior and/or supervisor, and was acting within the course and scope of that employment as Director of Operations.

51.     At all times mentioned and in doing the acts alleged in this complaint, all of the NINE GROUP ENTITIES, including N-M Ventures LLC are independently and vicariously liable for the conduct of Defendants DEGRAFF, MORTON, OLIMPIERI, and Plaintiff's supervisor FULLER, as described below.

## CAUSES OF ACTION

### I.   FIRST CAUSE OF ACTION:
### HOSTILE WORK ENVIRONMENT SEXUAL HARRASSMENT - TITLE VII
### (AGAINST N-M VENTURES LLC (INDEPENDENTLY) AND NINE GROUP
### ENTITIES, MORTON AND DEGRAFF (VIA ALTER EGO LIABILITY))

52.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs 1 through 51 as though fully set forth herein and incorporates said paragraphs by reference.

53.     Plaintiff was:  (1) subjected to verbal and physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create an abusive work environment in violation of Title VII.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864   Facsimile (702) 383-0065

54.   Defendants DEGRAFF, MORTON, OLIMPIERI, and FULLER, as Plaintiff's supervisors and superiors, subjected Plaintiff to verbal and/or physical sexually offensive conduct, which targeted Plaintiff and her body parts, was clearly linked to her gender, and was unwelcome.

55.   One of Plaintiff's supervisors at N-M VENTURES has admitted in another proceeding that Plaintiff was subjected to a hostile work environment at N-M VENTURES, LLC.

56.   Plaintiff's immediate supervisor, ANDREW BELMONTI, knew of or should have known of the sexually charged hostile environment and took absolutely no action to stop any of the Defendants' conduct.

57.   The verbal and physical sexually offensive conduct endured by the Plaintiff was so severe and pervasive given that Defendants' conduct was: (1) frequent, (2) severe, (3) physically threatening and humiliating, and (4) interfering with Plaintiff's work performance. As previously alleged, Plaintiff was, and is, emotionally wrecked over the defendants' outrageous conduct.

58.   Given the aforementioned, Defendants' verbal and physical conduct was so severe and pervasive as to constitute an objectively abusive hostile work environment.

59.   At all times relevant to the allegations in this Complaint, Defendants, DEGRAFF, MORTON, OLIMPIERI, and MICHAEL FULLER were employed by N-M VENTURES LLC as upper management and were acting within the course and scope of that employment.

60.   Defendant was aware of the sexual harassment and the sexually charged hostile work environment and took no action to stop Defendants' conduct. The ownership and executive team of Defendant N-M VENTURES LLC not only participated in, but ratified, the misconduct undertaken by MORTON, DEGRAFF, OLIMPIERI and FULLER.

61.   Defendant N-M VENTURES, LLC is liable for the reprehensible behavior visited upon Plaintiff by MORTON, DEGRAFF, OLIMPIERI, and FULLER. The NINE GROUP ENTITIES, MORTON and DEGRAFF are liable as alter egos of N-M VENTURES, LLC.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864   Facsimile (702) 383-0065

62.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in the form of: past and future lost earnings, past and future pain and suffering, and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount in excess of $75,000.

63.     The conduct of the Defendant, by and through its ownership and executive team, was willful, intentional, oppressive, malicious and done in a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in excess of $75,000.

## II.     SECOND CAUSE OF ACTION:
### UNLAWFUL DISCRIMINATORY EMPLOYMENT PRACTICE UNDER TITLE VII (AGAINST N-M VENTURES LLC (INDEPENDENTLY) AND NINE GROUP ENTITIES, MORTON AND DEGRAFF (VIA ALTER EGO LIABILITY))

64.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs 1 through 63 as though fully set forth herein and incorporates said paragraphs by reference.

65.     Section 703 of Title VII, titled Discrimination because of Race, Color, Religion, Sex, or National Origin, prohibits an employer from discriminating against any individual with respect to conditions of employment because of such individual's sex.

66.     Defendant N-M VENTURES LLC discriminated against Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, by:

a) Subjecting Plaintiff to sexual harassment by MORTON, DEGRAFF, OLIMPIERI, and FULLER, thereby creating and maintaining a sexually charged hostile work environment that adversely affected the terms, conditions, and privileges of Plaintiff's employment; and

b) Failing to take appropriate action to prevent and promptly correct the discriminatory treatment and its substantial effects on Plaintiff.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864   Facsimile (702) 383-0065

67. Defendants DEGRAFF and MORTON sexually harassed and physically sexually assaulted Plaintiff and their conduct was so severe as to constitute an objectively abusive work environment for Plaintiff, targeting Plaintiff's body parts clearly linked to her gender (or sex, female), which is prohibited under Title VII.

68. Defendant OLIMPIERI, Plaintiff's immediate supervisor, sexually harassed Plaintiff and his conduct was so severe as to constitute an objectively abusive work environment for Plaintiff, targeting Plaintiff's body parts clearly linked to her gender (or sex, female), which is prohibited under Title VII.

69. Plaintiff's supervisor, MICHAEL FULLER, also sexually harassed Plaintiff. While at a job performance review, FULLER told PLAINTIFF that for appearance, on a scale of 1-10, he rated her as a 9, but if she didn't wear a bra underneath her shirt, then he would give her a 10 for appearance. FULLER targeted Plaintiff's body parts clearly linked to her gender (sex, female) and was unwelcome.

70. Further, Defendants' MORTON, DEGRAFF, OLIMPIERI, and FULLER did not subject other male employees to the sexual harassment and disparate treatment they levied upon the Plaintiff. Plaintiff was repeatedly singled out and subjected to sexual harassment throughout her employment.

71. At all times relevant to the allegations in this Complaint, Defendants, MORTON, DEGRAFF, OLIMPIERI, and FULLER were employed by Defendant N-M VENTURES LLC as upper management and were acting within the course and scope of that employment.

72. ANDREW BELMONTI, Plaintiff's immediate supervisor, knew or should have known about the sexual harassment and disparate treatment and never took any action to stop the reprehensible conduct.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864 • Facsimile (702) 383-0065

73.    Defendant N-M VENTURES LLC is liable for the conduct of MORTON, DEGRAFF, OLIMPIERI, and FULLER. The NINE GROUP ENTITIES, MORTON and DEGRAFF are liable as alter egos of N-M VENTURES, LLC.

74.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in the form of: past and future lost earnings, past and future pain and suffering, and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount in excess of $75,000.

75.    The conduct of the Defendant, by and through its ownership and executive team, was willful, intentional, oppressive, malicious and done in a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in excess of $75,000.

### III.    THIRD CAUSE OF ACTION:
### UNLAWFUL DISCRIMINATORY EMPLOYMENT PRACTICE - N.R.S § 613.330
### (AGAINST N-M VENTURES LLC (INDEPENDENTLY) AND NINE GROUP
### ENTITIES, MORTON AND DEGRAFF (VIA ALTER EGO LIABILITY))

76.    Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs 1 through 75 as though fully set forth herein and incorporates said paragraphs by reference.

77.    N.R.S. §613.330 provides that it is an unlawful employment practice for an employer to discriminate against an employee with respect to the employee's conditions of employment because of her sex or to otherwise create a hostile work environment for women.

78.    Defendant NINE GROUP ENTITIES discriminated against Plaintiff on the basis of her sex (female) in violation of N.R.S. §613.330 by:

a) Subjecting Plaintiff to sexual harassment by MORTON, DEGRAFF, OLIMPIERI, and FULLER, thereby creating and maintaining a sexually charged hostile work environment that adversely affected the terms, conditions, and privileges of Plaintiff's employment; and

b) Failing to take appropriate action to prevent and promptly correct the discriminatory treatment and its substantial effects on Plaintiff.

79.     Defendants DEGRAFF and MORTON sexually harassed and physically sexually assaulted Plaintiff and their conduct was so severe as to constitute an objectively abusive work environment for Plaintiff, targeting Plaintiff's body parts clearly linked to her gender (or sex, female), which is prohibited under Title VII.

80.     Defendant OLIMPIERI, Plaintiff's immediate supervisor, sexually harassed Plaintiff and his conduct was so severe as to constitute an objectively abusive work environment for Plaintiff, targeting Plaintiff's body parts clearly linked to her gender (or sex, female), which is prohibited under Title VII.

81.     Plaintiff's supervisor, MICHAEL FULLER, also sexually harassed Plaintiff. While at a job performance review, FULLER told PLAINTIFF that for appearance, on a scale of 1-10, he rated her as a 9, but if she didn't wear a bra underneath her shirt, then he would give her a 10 for appearance. FULLER targeted Plaintiff's body parts clearly linked to her gender (sex, female) and was unwelcome.

82.     Further, Defendants' MORTON, DEGRAFF, OLIMPIERI, and FULLER did not subject other male employees to the sexual harassment and disparate treatment they levied upon the Plaintiff. Plaintiff was repeatedly singled out and subjected to sexual harassment throughout her employment.

83.     At all times relevant to the allegations in this Complaint, Defendants, MORTON, DEGRAFF, OLIMPIERI, and FULLER were employed by Defendant N-M VENTURES LLC as upper management and were acting within the course and scope of that employment.

84.     ANDREW BELMONTI, Plaintiff's immediate supervisor, knew or should have known about the sexual harassment and disparate treatment and never took any action to stop the reprehensible conduct.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864   Facsimile (702) 383-0065

85.     Defendant N-M VENTURES LLC is liable for the conduct of MORTON, DEGRAFF, OLIMPIERI, and FULLER.  The NINE GROUP ENTITIES, MORTON and DEGRAFF are liable as alter egos of N-M VENTURES, LLC.

86.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in the form of: past and future lost earnings, past and future pain and suffering, and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount in excess of $75,000.

87.     The conduct of the Defendant, by and through its ownership and executive team, was willful, intentional, oppressive, malicious and done in a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in excess of $75,000.

## IV.  FOURTH CAUSE OF ACTION:
### RETALIATION UNDER TITLE VII
### (AGAINST N-M VENTURES LLC (INDEPENDENTLY) AND NINE GROUP ENTITIES, MORTON AND DEGRAFF (VIA ALTER EGO LIABILITY))

88.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs 1 through 87 as though fully set forth herein and incorporates said paragraphs by reference.

89.     Section 704(a) of Title VII prohibits discrimination against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter."  42 U.S.C. §2000e-3(a).

90.     Plaintiff engaged in protected activities in that she refused to participate in the sexually charged acts imposed upon her at work and was trying to get pregnant.  Defendants took an adverse employment action, termination, after Plaintiff's protected activity took place.  A causal link exists between the protected activity and the discharge.

91.     Plaintiff had a right to go to her place of employment and not be sexually harassed, assaulted, and battered, or harassed about "not being fun" by Defendants on the basis of her gender (sex, female).  Plaintiff also had a right to dress conservatively in her place of employment, in addition

PARKER SCHEER LAGOMARSINO
610 South Seventh Street · Las Vegas, Nevada 89101
Telephone (702) 383-2864 · Facsimile (702) 383-0065

1   to not having her appearance be scrutinized on the basis of her gender and in a sexually offensive

2   manner.

3      92.    Upon information and belief, Plaintiff was terminated for the following reasons,

4   among others: (a) she was dressing more conservatively despite Defendants' objection; (b) Plaintiff

5   "was not fun" despite Defendants imploring her to be "fun"; (c) Plaintiff refused all sexual advances

6   and objected to all of the constant sexual harassment she had to endure at her work place; and (d)

7

8   Plaintiff was trying to get pregnant.  All of the reasons for termination were directly linked to

9   Plaintiff's gender.

10     93.    Defendant N-M VENTURES LLC, through its owners, employees, agents, and officers,

11  unlawfully and intentionally discriminated against Plaintiff based on her gender or sex by allowing or

12  ratifying sexual harassment that created a sexually charged hostile, discriminatory, and retaliatory

13

14  environment in violation of Title VII.

15     94.    Defendant N-M VENTURES LLC retaliated against Plaintiff and terminated her

16  because she never welcomed, consented, or encouraged any of the aforementioned misconduct by

17  Defendants.

18     95.    Defendant N-M VENTURES LLC is liable for the conduct of MORTON, DEGRAFF

19  OLIMPIERI, and FULLER.  The NINE GROUP ENTITIES, MORTON and DEGRAFF are liable as

20

21  alter egos of N-M VENTURES, LLC.

22     96.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and

23  continues to suffer damages in the form of: past and future lost earnings, past and future pain and

24  suffering, and other losses associated with such embarrassment, humiliation, and mental and emotional

25  pain in an amount in excess of $75,000.

26     97.    The conduct of the Defendant, by and through its ownership and executive team, was

27
    willful, intentional, oppressive, malicious and done in a wanton and reckless disregard for the rights of
28
    Plaintiff, thereby warranting the imposition of punitive damages in excess of $75,000.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-0101  Facsimile (702) 383-0065

## V. FIFTH CAUSE OF ACTION: ASSAULT
### (Defendants MORTON and NINE GROUP ENTITIES)
### Number of Counts to be Proven At Trial

98.    Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs 1 through 97 as though fully set forth herein and incorporates said paragraphs by reference.

99.    As demonstrated above and below, Defendant MORTON through his acts and behavior, intended to cause a harmful or offensive contact with Plaintiff and/or intended to place Plaintiff in apprehension of offensive contact.

100.    On several occasions Defendant MORTON aggressively approached Plaintiff and made lewd and vulgar comments about certain parts, including sexual parts, of Plaintiff's body.

101.    MORTON grabbed Plaintiff, bent her over a chair, and then spanked Plaintiff on the buttocks and placed himself in a position as to prevent Plaintiff from avoiding or otherwise escaping from him.

102.    On several occasions, MORTON grabbed Plaintiff and propositioned her to engage in sexual activities and relations with him. In doing these acts, MORTON placed himself in a position as to prevent Plaintiff from avoiding or otherwise escaping from him.

103.    On another occasion, MORTON forced Plaintiff to sit on his lap.  In doing these acts, MORTON placed himself in a position as to prevent Plaintiff from avoiding or otherwise escaping.

104.    MORTON would regularly give Plaintiff long hugs, caress and squeeze her stomach, and tell her how good she felt. In doing these acts, MORTON placed himself in a position as to prevent Plaintiff from avoiding or otherwise escaping from MORTON.

105.    On another occasion while at a director's dinner, MORTON attempted to pull Plaintiff and then grabbed Plaintiff and told Plaintiff that he wanted to "make out" with her.

106.    On another occasion while at a work-related birthday party at the Palms Casino, MORTON once again grabbed Plaintiff and tried to "make out" with her.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864    Facsimile (702) 383-0065

107.    On another occasion, MORTON grabbed Plaintiff's buttocks and told Plaintiff that he wanted to "know what it would feel like to fuck" Plaintiff.

108.    On another occasion while at a Ziggy Marley concert at the Palms, MORTON, accompanied by a male friend, and Plaintiff and Diana Dahl were walking into the Palms. MORTON's friend came up from behind Plaintiff and grabbed her wrist and placed it behind her back.   MORTON then grabbed Plaintiff's breasts.   Plaintiff became very upset and went into the parking lot at the Palms with Dahl and cried.

109.    As a result of Defendant MORTON's intentional attempts to create offensive and harmful bodily contact with the Plaintiff, Plaintiff was in fact placed in a reasonably great apprehension of offensive contact and harmful by him.

110.    At all times relevant to the allegations in this Complaint, Defendant MORTON was employed by the NINE GROUP ENTITIES as an executive and was acting within the course and scope of that employment.  As such, the NINE GROUP ENTITIES are vicariously liable, under the doctrine of *respondeat superior*, for the conduct of Defendant MORTON.   The NINE GROUP ENTITIES, MORTON and DEGRAFF are also liable as alter egos of each other.

111.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in the form of: past and future pain and suffering, and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount in excess of $75,000.

112.    The conduct of the Defendant, by and through its ownership and executive team, was willful, intentional, oppressive, malicious and done in a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in excess of $75,000.

## VI. SIXTH CAUSE OF ACTION: BATTERY
### (Defendants MORTON and NINE GROUP ENTITIES)
### Number of Counts to be Proven at Trial

113. Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs 1 through 112 as though fully set forth herein and incorporates said paragraphs by reference.

114. By and through his acts described above and below, Defendant MORTON intentionally subjected Plaintiff to harmful and offensive touching, which directly and proximately caused Plaintiff's injuries.

115. On several occasions Defendant MORTON aggressively approached Plaintiff and made lewd and vulgar comments about certain parts, including sexual parts, of Plaintiff's body. MORTON inappropriately touched Plaintiff throughout her employment, and numerous times throughout her final two years with N-M VENTURES, LLC, in excess of two hundred (200) times.

116. MORTON grabbed Plaintiff, bent her over a chair, and then spanked Plaintiff on the buttocks and placed himself in a position as to prevent Plaintiff from avoiding or otherwise escaping from him.

117. On several occasions, MORTON grabbed Plaintiff and propositioned her to engage in sexual activities and relations with him. In doing these acts, MORTON placed himself in a position as to prevent Plaintiff from avoiding or otherwise escaping from him.

118. On another occasion, MORTON forced Plaintiff to sit on his lap. In doing these acts, MORTON placed himself in a position as to prevent Plaintiff from avoiding or otherwise escaping.

119. MORTON would regularly give Plaintiff long hugs, caress and squeeze her stomach, and tell her how good she felt. In doing these acts, MORTON placed himself in a position as to prevent Plaintiff from avoiding or otherwise escaping from MORTON.

120. On another occasion while at a director's dinner, MORTON attempted to pull Plaintiff and then grabbed Plaintiff and told Plaintiff that he wanted to "make out" with her.

121.   On another occasion while at a work-related birthday party at the Palms Casino, MORTON once again grabbed Plaintiff and tried to "make out" with her.

122.   On another occasion, MORTON grabbed Plaintiff's buttocks and told Plaintiff that he wanted to "know what it would feel like to fuck" Plaintiff.

123.   On another occasion while at a Ziggy Marley concert at the Palms, MORTON, accompanied by a male friend, and Plaintiff and Diana Dahl were walking into the Palms. MORTON's friend came up from behind Plaintiff and grabbed her wrist and placed it behind her back.   MORTON then grabbed Plaintiff's breasts.   Plaintiff became very upset and went into the parking lot at the Palms with Dahl and cried.

124.   As a result of Defendant MORTON's intentional attempts to create offensive and harmful bodily contact with the Plaintiff, Plaintiff was in fact placed in a reasonably great apprehension of offensive contact and harmful by him.

125.   At all times relevant to the allegations in this Complaint, Defendant MORTON was employed by the NINE GROUP ENTITIES as an executive and was acting within the course and scope of that employment.   As such, the NINE GROUP ENTITIES are vicariously liable, under the doctrine of *respondeat superior*, for the conduct of Defendant MORTON.   The NINE GROUP ENTITIES, MORTON and DEGRAFF are also liable as alter egos of each other.

126.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in the form of: past and future pain and suffering, and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount in excess of $75,000.

127.   The conduct of the Defendant, by and through its ownership and executive team, was willful, intentional, oppressive, malicious and done in a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in excess of $75,000.

## VII. SEVENTH CAUSE OF ACTION:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendants MORTON, OLIMPIERI, and NINE GROUP ENTITIES)

128. Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs 1 through 127 as though fully set forth herein and incorporates said paragraphs by reference.

129. At all times as described herein, the conduct of Defendants MORTON and OLIMPERI was extreme and outrageous undertaken with either the intention of, or reckless disregard for, causing emotional distress to the Plaintiff. The behavior of DEFENDANTS MORTON and OLIMPIERI, over the last two years of Plaintiff's employment, caused Plaintiff severe and extreme emotional distress.

130. Defendants' acts and omissions described above were extreme and outrageous and transcended all boundaries of decency in society.

131. Defendants' acts were intentional or done in reckless disregard for causing emotional distress in Plaintiffs. As more fully described above, Defendants MORTON and OLIMPIERI among other things, repeatedly and habitually offensively touched, restrained, requested engagement in sexual activities, assaulted, and battered Plaintiff. Plaintiff rebuffed all of Defendants advances and refused to have any sexual contact with them. In addition, Defendant OLIMPIERI offered to give Plaintiff money, pooled money from other employees to give to Plaintiff if she would pull her pants down, and spread her butt cheeks. Plaintiff never encouraged any of Defendants' behavior. In fact, Defendants MORTON and OLIMPIERI would witness the physical and emotional effect it would have on the Plaintiff and, because of and despite seeing this, would continue to bully the Plaintiff into tears.

132. At all times Plaintiff clearly rejected all of Defendants' advances.

133. At all times relevant to the allegations in this Complaint, Defendants MORTON and OLIMPIERI were employed by Defendant NINE GROUP ENTITIES as executives and upper management, and were acting within the course and scope of that employment.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street · Las Vegas, Nevada 89101
Telephone (702) 383-2864 · Facsimile (702) 383-0065

134.    The actions of Defendants MORTON and OLIMPIERI were repetitive, severe, and habitual towards Plaintiff. The owners and executives of the NINE GROUP ENTITIES, in participating and ratifying this shameful conduct, acted outrageously, intentionally and maliciously.  The owners, executives and management of the NINE GROUP ENTITIES behaved with complete and reckless disregard of the fact that their perverse conduct would certainly cause Plaintiff to suffer severe emotional distress.

135.    As a direct and proximate result of the acts of all Defendants, Plaintiff has suffered and continues to suffer severe emotional distress in the form of fear, humiliation, embarrassment, nervousness, sleeplessness, irritability, extreme anxiety, indignity and depression.  Plaintiff has also manifested her emotional distress physically in the form of hives and related conditions.

136.    At all times relevant to the allegations in this Complaint, Defendant MORTON and OLIMPIERI were employed by the NINE GROUP ENTITIES as executives and were acting within the course and scope of that employment.  As such, the NINE GROUP ENTITIES are vicariously liable, under the doctrine of *respondeat superior*, for the conduct of Defendant MORTON.  The NINE GROUP ENTITIES, MORTON and DEGRAFF are also liable as alter egos of each other.

137.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in the form of: past and future pain and suffering, and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount in excess of $75,000.

138.    The conduct of the Defendant, by and through its ownership and executive team, was willful, intentional, oppressive, malicious and done in a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in excess of $75,000.

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864   Facsimile (702) 383-0065

## VIII.   EIGHTH CAUSE OF ACTION:
## NEGLIGENCE
## (MORTON, OLIMPIERI, NINE GROUP ENTITIES)

139.    Plaintiffs repeat and re-allege each of the allegations set forth in paragraphs 1 through 138 as though fully set forth herein and incorporates said paragraphs by reference.

140.    Defendants' MORTON and OLIMPIERI worked with sister companies of N-M VENTURES LLC, also described collectively as THE NINE ENTITIES herein.  In their capacity as owning and/or working with these sister companies, MORTON and OLIMPIERI owed Plaintiff a duty to act in a reasonable manner with her.  Defendants' MORTON and OLIMPIERI breached their duty by acting as described herein.

141.    At all times relevant to the allegations in this Complaint, Defendant MORTON and OLIMPIERI were employed by the NINE GROUP ENTITIES as executives and were acting within the course and scope of that employment.  As such, the NINE GROUP ENTITIES are vicariously liable, under the doctrine of *respondeat superior*, for the conduct of Defendant MORTON.  The NINE GROUP ENTITIES, MORTON and DEGRAFF are also liable as alter egos of each other.

142.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in the form of: past and future pain and suffering, and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount in excess of $75,000.

143.    The conduct of the Defendant, by and through its ownership and executive team, was malicious and done in a reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in excess of $75,000.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARKER SCHEER LAGOMARSINO
610 South Seventh Street · Las Vegas, Nevada 89101
Telephone (702) 383-2864   Facsimile (702) 383-0065

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1.    Awarding Judgment as appropriate and requiring Defendants to pay Plaintiff's compensatory damages, special damages, and any other damages described herein and to be proven at trial, including punitive damages;

2.    Awarding Plaintiff fees and costs associated with bringing this action, in addition to reasonable attorneys' fees as provided by United States and/or Nevada statutes;

3.    Granting any such other and further relief as this Court deems necessary and proper.

DATED this 13th day of December, 2010.

Respectfully Submitted,

PARKER SCHEER LAGOMARSINO
ANDRE M. LAGOMARSINO, ESQ. (#6711)
610 South Seventh Street
Las Vegas, Nevada 89101
Phone: (702) 383-2864
Fax: (702) 383-0065
andre@parkerscheer.com
*Attorneys for Plaintiff*

**VERIFICATION OF PLAINTIFF LESLIE CULLER**

I, LESLIE CULLER, do hereby state that I am the Plaintiff in the above-titled action. I further state that I have read the foregoing Complaint and know the contents thereof. The Complaint is true of my own knowledge except as to those matters that are stated in information and belief, and as to those matters, I believe them to be true.

DATED THIS 13th day of December, 2010.

_____
LESLIE CULLER

I declare under penalty of perjury that the foregoing is true and correct.

DATED THIS 13th day of December, 2010.

_____
LESLIE CULLER

PARKER SCHEER LAGOMARSINO
610 South Seventh Street • Las Vegas, Nevada 89101
Telephone (702) 383-2864   Facsimile (702) 383-0065

1

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rules 38-1, Plaintiffs demands a trial by jury on all issues in this action.

DATED this 13th day of December, 2010.

Respectfully Submitted,

PARKER SCHEER LAGOMARSINO
ANDRE M. LAGOMARSINO, ESQ. (#6711)
610 South Seventh Street
Las Vegas, Nevada 89101
Phone: (702) 383-2864
Fax: (702) 383-0065
andre@parkerscheer.com
*Attorneys for Plaintiff*